ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2005 MAY -2 PM 1: 14

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MICHAEL ROWE,

   Petitioner,

vs.

UNITED STATES OF AMERICA,

   Respondent.

CASE NO.: CV404-185
CR403-115

## O R D E R

Before the Court is "Petitioner's Second Renewed Motion to Vacate Order Adopting Magistrate Judge's Report and Recommendation." (Doc. 12.) For the reasons stated below, this motion is **DENIED**.

### BACKGROUND

Petitioner pled guilty to bank robbery by force of violence. On August 27, 2003, the Court sentenced him to 151 months imprisonment, 3 years supervised release and a $100 special assessment. On October 26, 2004, Petitioner filed his petition for habeas relief pursuant to 28 U.S.C. § 2255 claiming that his trial counsel was ineffective for failing to file an appeal.

The Government moved to dismiss the petition on grounds that it was time-barred. Under the Anti-Terrorism Effective Death Penalty Act, a petition for habeas relief must ordinarily be filed within one year of "the date on which the judgment or conviction becomes final." 28 U.S.C. § 2255. The Government claimed that Petitioner's conviction became final on September 11, 2003 and his

Petition was, therefore, approximately six weeks untimely. Petitioner did not respond to the Government's Motion to Dismiss, and the Magistrate Judge recommended that the motion be granted. Petitioner did not file any objections, and the Court adopted the Magistrate's Report and Recommendation and dismissed the Petition.

Petitioner then filed his first motion to vacate the Order adopting the Magistrate's Report and Recommendation. He alleged that he did not receive a copy of the Report and Recommendation and requested that the Court grant him leave to file objections. The Court denied Petitioner's Motion to Vacate. However, the Court directed the Clerk of the Court to serve Petitioner with a copy of the Report and Recommendation and granted Petitioner leave to file a renewed motion to vacate the dismissal of his habeas petition. Petitioner then filed his second motion to vacate within the time provided by the Court. The Court denied that motion but granted petitioner leave to file yet another motion to vacate the dismissal with the assistance of a "jailhouse lawyer." It is this third motion to vacate that is now before the Court.

## DISCUSSION

In the instant motion, Petitioner concedes that his habeas petition was six weeks untimely. However, he asks that his tardiness be excused. He claims that the law library at the facility where he is housed has been "over-run with inmates" following the United States Supreme Court's decision in Blakely v.

Washington, 542 U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). He also states that he is unable to read and write and ignorant of the law governing his habeas petition.

The one-year statute of limitations for habeas petitions is subject to equitable tolling. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). However, equitable tolling is an extraordinary remedy that should only be granted sparingly. Jones v. United States, 304 F.3d 1035, 1038-39 (11th Cir. 2002). Otherwise, the Court risks creating "a loophole which is contrary to the legislative intent of insuring a greater degree of finality." Id. at 1039 (internal quotations and citations omitted). Accordingly, tolling is only appropriate when a petitioner shows that his untimeliness was caused by "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik, 177 F.3d at 1271.

Under this standard, the Eleventh Circuit has rejected arguments for tolling similar to those made by Petitioner. In Akins v. United States, 204 F.3d 1086 (2000), a habeas petitioner sought equitable tolling because he was in a prison lockdown during portions of his limitations period and was denied access to his prison's law library during those times. The Court of Appeals rejected this claim because the petitioner did not show why he could not have filed his habeas petition in the months that he was not in lockdown. Akins, at 1089-90. Similarly, in this case, even

assuming that Petitioner was unable to access the library after the decision in <u>Blakely</u>, he has failed to show why he could not have filed his habeas petition in the approximately nine months between the day his conviction became final, September 11, 2003, and the day the Supreme Court decided <u>Blakely</u>, June 24, 2004. Accordingly, Defendant has failed to demonstrate that his inability to access the law library following <u>Blakely</u> justifies the untimely filing of his habeas petition.

Defendant's inability to read and write and need for assistance in filing his petition does not warrant equitable tolling either. Though the Eleventh Circuit has not been faced with the question of whether a habeas petitioner's illiteracy or ignorance of the law justifies equitable tolling, every other circuit court to address the issue has held that they do not. See <u>Malone v. Oklahoma</u>, 100 Fed. Appx. 795 (10th Cir. 2004) (claims that petitioner was ignorant of law, denied access to law clerks, and illiterate did not justify equitable tolling); <u>Burns v. White</u>, 93 Fed. Appx. 826 (6th Cir. 2004) (petitioner's contentions that he does not read or write well and that he was unaware of limitations period did not warrant equitable tolling); <u>Bermudez v. Lewis</u>, 58 Fed. Appx. 258 (9th Cir. 2003) (prisoner not entitled to equitable tolling even if illiterate, indigent, ignorant of law, and not provided translated legal materials); <u>Turner v. Johnson</u>, 177 F.3d 290 (5th Cir. 1999) (unfamiliarity with legal process due to

4

illiteracy does not merit equitable tolling).

The Court agrees with this line of cases. Many inmates do not read or write well and do not have an understanding of the legal system. However, it is the Court's experience that often these inmates file pleadings through their own diligence or through the assistance of others. Furthermore, when the Court receives pro se pleadings from these inmates, they are held to less stringent standards than pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). Accordingly, the Court fails to see how Petitioner's illiteracy and ignorance of the law constitute extraordinary circumstances that prevented him from timely filing his habeas petition despite his due diligence.

## CONCLUSION

Petitioner has failed to show how his limited access to the law library, his inability to read and write, or his ignorance of the law warrant equitable tolling. Accordingly, his habeas petition was properly dismissed as untimely, and his Second Renewed Motion to Vacate is **DENIED**.

**SO ORDERED** this 2ND day of May, 2005.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

# United States District Court
## Southern District of Georgia

Michael A. Rowe )

vs ) CASE NUMBER CV404-185

United States of America ) DIVISION SAVANNAH

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 5/2/05, which is part of the official record of this case.

Date of Mailing: 5/2/05

Date of Certificate [X] same date, or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

**Name and Address**

CRIMINAL
Michael A. Rowe, Federal Correctional Institution, 11527-021, P.O. Box 699, Estill, SC 29918
Amy Lee Copeland, Esq., U.S. Attorney's Office, P.O. Box 8970, Savannah, GA 31412

[ ] Copy placed in Minutes
[X] Copy given to Judge
[ ] Copy given to Magistrate